UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEILANI BLAKE,

    Plaintiff,                                        Case No. 18-10406

vs.                                                 HON. MARK A. GOLDSMITH

TRANSUNION LLC, et al.

    Defendants.
_____/

**OPINION AND ORDER
(i) DENYING DEFENDANT GRANITE BAY ACCEPTANCE, INC.'S AMENDED
MOTION TO DISMISS (DKT. 29); (ii) DENYING DEFENDANT TRANSUNION LLC'S
MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. 36); (iii) AND DENYING
DEFENDANT LEASE MATURITY SERVICES, LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS (DKT. 39)**

These matters are before the Court on Defendants Granite Bay Acceptance, Inc.'s ("Granite Bay") amended motion to dismiss (Dkt. 29), Defendant Lease Maturity Services, LLC's ("LMS") motion to dismiss (Dkt. 39),[1] and Defendant TransUnion LLC's motion for judgment on the pleadings (Dkt. 36). They all raise a statute of limitations defense to Plaintiff Leilani Blake's claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., alleging impermissible use of her consumer reports. Because the complaint does not affirmatively show that Blake's claims are time-barred, the Court denies Defendants' respective motions.

---

[1] Defendant LMS filed an answer to Blake's complaint (Dkt. 24). Therefore, LMS waived its right to bring a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Nonetheless, for the sake of efficiency, the Court will treat LMS's motion as one for judgment on the pleadings under Rule 12(c).

1

# I. BACKGROUND

Plaintiff Leilani Blake obtained a copy of her TransUnion consumer report dated July 24, 2014. Compl. ¶ 30 (Dkt. 1). Upon review of the report, Blake learned that that Defendants Granite Bay and LMS, among others, accessed her consumer report for "promotional inquires." Id. ¶¶ 31, 40. Blake asserts that she never requested credit or services from Granite Bay or LMS. Id. ¶¶ 36, 38. Blake contends that Defendants Granite Bay and LMS accessed her TransUnion consumer reports for impermissible purposes in violation of the FCRA. Id. ¶ 3. She further asserts that Defendant TransUnion failed to use appropriate procedures to ensure that her consumer reports were not sold for impermissible purposes. Id. ¶¶ 40, 70-89.

Blake filed her complaint in this matter on February 2, 2018, id., more than three-and-a-half years after she first reviewed her TransUnion consumer report. She alleges four FCRA counts against Defendants: Count I asserts that Defendant TransUnion failed to use reasonable procedures to ensure that creditors were not using Blake's consumer reports for impermissible purposes; Count II asserts that Granite Bay and LMS unlawfully obtained Blake's consumer reports without a permissible purpose; Count III asserts that Granite Bay unlawfully resold Blake's consumer reports; and Count IV asserts that Granite Bay and LMS obtained Blake's consumer reports under false pretenses.

# II. STANDARD OF REVIEW

Defendants filed their motions under Federal Rules of Civil Procedure 12(b)(6) and (c). Courts apply the same analysis to motions for a judgment on the pleadings under Rule 12(c) as is applied to applications for dismissal under Federal Rule of Civil Procedure 12(b)(6). Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n, 623 F.3d 281, 284 (6th Cir. 2010). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he defendant has the burden of

showing that the plaintiff has failed to state a claim for relief." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (citing Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991)), cert. denied, 552 U.S. 1311 (2008). To survive a Rule 12(b)(6) motion, the plaintiff must allege sufficient facts to state a claim to relief above the speculative level, such that it is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard requires courts to accept the alleged facts as true, even when their truth is doubtful, and to make all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-556.

Evaluating a complaint's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Although a complaint that offers no more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" will not suffice, id. at 678, it need not contain "detailed factual allegations," Twombly, 550 U.S. at 555; see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("[S]pecific facts are not necessary . . . ."). Rather, a complaint needs only enough facts to suggest that discovery may reveal evidence of illegality, even if the likelihood of finding such evidence is remote. Twombly, 550 U.S. at 556.

### III. ANALYSIS

Defendants argue that Blake's claims are barred by the FCRA's two-year statute of limitations. Granite Bay's Mot. at 2; LMS's Mot. at 4; TransUnion's Mot. at 6. Blake makes two arguments in support of her position that her claims are timely. First, she argues that the applicable statute of limitations period is five years instead of two. Resp. to Granite Bay's Mot. at PageID.299; Resp. to LMS's Mot. at PageID.435; Resp. TransUnion's Mot. at 6-7. Second, Blake

3

argues that the complaint does not show when she "discovered" the alleged FCRA violations, which would trigger the statute of limitations. Id. at 6-18.[2] The Court will take each argument in turn.

Regarding limitations of actions, the FCRA provides as follows:

An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, <u>not later than the earlier of</u>--

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p (emphasis added).

Blake is mistaken that the FCRA contains a five-year statue of limitations. Section 1681p contains both a statute of <u>limitations</u> and a statute of <u>repose</u>. The two-year limit, which begins to run upon a plaintiff's discovery of the facts that give rise to an FCRA claim (known as the "discovery rule"), is a statute of limitations. See <u>Rocheleau v. Elder Living Const., LLC</u>, 814 F.3d 398, 401 (6th Cir. 2016). The five-year limit, which commences upon the date an FCRA violation occurs, is a statute of repose. See <u>Eddins v. Cenlar FSB</u>, 964 F. Supp. 2d 843, 849 (W.D. Ky. 2013) (explaining that because the plaintiff "filed suit within five years of the onset of this action, the five year period of repose is not relevant"); <u>see also</u> 149 Cong. Rec. E2512–02, E2514, (daily ed. Nov. 21, 2003) (statement of Rep. Oxley) (claims must "be brought within 2 years of the discovery of the violation . . . but with an outside restriction that all claims must be brought within

---

[2] Blake also argues that TransUnion did not bring a motion for a more definite statement under Rule 12(e) and then proceeds to argue why such a motion should be denied. In its reply brief, TransUnion confirms that it did not, and does not, seek relief under Rule 12(e). Therefore, the Court will not address Blake's Rule 12(e) argument.

4

5 years of when the violation occurred."). In short, the FCRA requires that a claim be brought within two years of the date when a plaintiff discovers the facts giving rise to the claims, but in no event later than five years after the actual violation occurred. Blake satisfies the five-year period of repose, but there remains a dispute as to whether she brought her claims within the two-year statute of limitations.

Blake's second argument is that her complaint was timely because she did not discover the FCRA violations until some time after she received the July 24, 2014 TransUnion report. Blake was not required to plead when she first became aware of the potential FCRA violations. Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012) (explaining that the statute of limitations is an affirmative defense and a plaintiff is not required to plead around such a defense to state a valid claim). Motions brought under Rule 12 consider only the pleadings in a matter, and therefore, they are not typically appropriate vehicles to resolve a statute of limitations defense. Id. However, when a complaint affirmatively shows claims are time-barred, dismissing the claims under Rule 12 is appropriate. Id. (citing Jones v. Bock, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]")).

Blake became aware some time around July 24, 2014 that Granite Bay and LMS obtained her consumer information from TransUnion. Her claims, therefore, are time-barred, unless she did not discover the facts giving rise to the FCRA violations until after February 2, 2016, which would place her claims within the two-year statute of limitations. Blake argues that this is the case because simply receiving notice of Granite Bay and LMS's inquiries was insufficient to allow her to "discover" the FCRA violations. Resp. to Granite Bay's Mot. at 7; Resp. to LMS's Mot. at 9; Resp. to TransUnion's Mot. at 9. She argues that there is a difference between "notice" of a

5

violation and "discovery" of a violation. Resp. to Granite Bay's Mot. at 8; Resp. to LMS's Mot. at 11; Resp. to TransUnion's Mot. at 11. Although there is certainly a difference between notice and discovery, the difference alone does not settle the statute of limitations issue.

In the Sixth Circuit, the FCRA "'limitations period begins to run when a claimant discovers the facts that give rise to a claim and not when a claimant discovers that those facts constitute a legal violation.'" Rocheleau, 814 F.3d at 401 (quoting Mack v. Equable Ascent Financial, LLC, 748 F.3d 665-666 (5th Cir. 2014)). The FCRA's statute of limitations is a common formulation of what is typically referred to as a "discovery rule." See Merck, 559 U.S. at 644. "[I]n the statute of limitations context, the word 'discovery' is often used as a term of art in connection with the 'discovery rule,' a doctrine that delays accrual of a cause of action until the plaintiff has 'discovered' it." Id. The FCRA does not define the term "discovery." See 15 U.S.C. § 1681a. However, when legislators use the word "discovery" in statutes, "federal courts have typically interpreted the word to refer not only to actual discovery, but also to the hypothetical discovery of facts a reasonably diligent plaintiff would know." Id. at 645 (citing cases). The FCRA's statute of limitations, therefore, also includes constructive discovery. See Merck, 559 U.S. at 644.

Blake relies heavily on the Ninth Circuit case Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100, 1110 (9th Cir. 2012), to support her position that her claims were timely. Drew is a case brought against a consumer reporting agency, among others, for reporting inaccurate information and its failure to conduct a proper investigation after being notified of the inaccuracies. Id. at 1107-1108 (citing 15 U.S.C. § 1681s). When a consumer reporting agency reports inaccurate information, it is not automatically in violation of the FCRA. The inaccurate information must be brought to the agency's attention and the offending agency must then conduct a reasonable investigation into the matter. 15 U.S.C. § 1681s-2.

Drew involved a case of identity theft and credit accounts fraudulently opened in the plaintiff's name. The plaintiff contacted the defendant reporting agency informing it that the disputed accounts were opened as the result of fraud, which triggered the reporting agency's duty to conduct a reasonable investigation under the FCRA. More than two years later, the plaintiff brought FCRA claims against the reporting agency and the credit card providers for failing to conduct a reasonable investigation as required by the FCRA. Drew, 690 F.3d at 1110.

The Drew defendants argued that the plaintiff's claims were untimely because after reporting the inaccuracies in his consumer report, he continued to receive collection calls and therefore he should have known the investigation was not reasonable. Id. The Ninth Circuit disagreed with the defendants and found that the plaintiff's FCRA claim alleging that the defendant did not conduct a reasonable investigation was not time-barred. Id. The Drew panel reasoned that the plaintiff could not reasonably conclude that an unreasonable investigation was conducted until he provided the reporting agency with accurate information of the identity theft and the reporting agency nonetheless continued to distribute inaccurate information. Id. at 1109. That later dissemination of an inaccurate consumer report was within the two-year statute of limitations. Id.; see also Vasquez-Estrada v. Collecto, Inc., No. 14-cv-01422, 2015 WL 6163971, at *3-4 (D. Or. Oct. 20, 2015) (following the reasoning of Drew and concluding that a collection letter did not allow the plaintiff to discover whether an investigation into the matter was ongoing).

Drew does not conclusively resolve Blake's statute of limitations problem. Blake does not argue that her consumer report contained inaccurate information or that there was deficient investigation into the accuracy of her consumer report. Unlike Drew, where the offending consumer reporting agency did not violate the FCRA until sometime after it was informed of the reporting inaccuracies, Blake's claims relate to violations that had already occurred when she

7

received her consumer report.  Specifically, Blake alleges that Defendant TransUnion released her consumer reports to Defendants Granite Bay and LMS for impermissible purposes in violation of 15 U.S.C. § 1681b.  Therefore, the question here is whether the July 24, 2014 consumer report stating that TransUnion released Blake's report to Granite Bay and LMS for promotional purposes provided Blake with the facts necessary to give rise to her FCRA claims.

Blake argues that she had no way of knowing who Granite Bay or LMS was, "much less whether [they] had a Permissible Purpose for requesting her private credit information."  Resp. to Granite Bay's Mot. at 11; Resp. to LMS's Mot. at 6.  She again relies on a Ninth Circuit case, Strategic Diversity, Inc. v. Alchemix Corp., 666 F.3d 1197, 1206 (9th Cir. 2012), to support her position.  Strategic Diversity relied on Merck, a securities fraud case, where the Supreme Court rejected the idea that discovery of facts that put a plaintiff on "inquiry notice" automatically begins the running of the limitations period.  Merck, 559 U.S. at 653.  The Supreme Court held the following:

> In determining the time at which 'discovery' of those 'facts' occurred, terms such as 'inquiry notice' and 'storm warnings' may be useful to the extent that they identify a time when the facts would have prompted a reasonably diligent plaintiff to begin investigating. But the limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered 'the facts constituting the violation,' including scienter—irrespective of whether the actual plaintiff undertook a reasonably diligent investigation.

Id.

The Court agrees that the notice of promotional inquiries by Granite Bay and LMS on Blake's consumer report did not automatically begin the running of the statute of limitations on her FCRA claims.  See id.  To unravel whether Blake's claims fall within the two-year statute of limitations, the Court must consider the context of Blake's allegations in the complaint in relation to the relevant FCRA provisions.

The FCRA recognizes consumer reporting agencies' "vital role in assembling and evaluating consumer credit and other information on consumers," and the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a). To that end, the FCRA provides a means for consumers to maintain a private cause of action against any person who willfully or negligently violates any of the requirements imposed by the FCRA. 15 U.S.C. §§ 1681n, 1681o.

In Count I, Blake alleges that TransUnion failed to maintain reasonable procedures to limit the furnishing of consumer reports to permissible purposes under section 1681b. Compl. ¶ 113. The FCRA requires a consumer reporting agency to "maintain reasonable procedures designed . . . to limit the furnishing of consumer reports to the purposes listed under section 1681b" of the FCRA. 15 U.S.C. § 1681e(a). Section 1681b enumerates the only permissible purposes for a consumer reporting agency to furnish a consumer report.

Blake says that TransUnion did not "make a reasonable effort to verify the identities of the entities to which Granite Bay was reselling the reports and the uses certified by Granite Bay prior to furnishing the consumer reports of Ms. Blake." Compl. ¶ 114. TransUnion argues that Blake discovered the basis for her claims on July 24, 2014, when she reviewed her consumer report and saw that it had been provided to Granite Bay and LMS, even though she had never requested credit or services from them. TransUnion. Mot. at 5. However, a request by Blake is not the only permissible reason under the FCRA to provide a consumer report to a third party.

The relevant portions of section 1681b(c) provide that a "consumer reporting agency may furnish a consumer report relating to any consumer . . . in connection with any credit or insurance transaction that is not initiated by the consumer only if—"

    (A)    the consumer authorizes the agency to provide such report to such person; or

(B)(i) the transaction consists of a firm offer of credit or insurance;

15 U.S.C. § 1681b(c)(1). Granite Bay and LMS could very well have intended to make a firm offer of credit or insurance to Blake. Therefore, merely learning that her consumer report had been provided to Granite Bay and LMS without her permission did not provide Blake with the facts giving rise to an FCRA violation. Additionally, the complaint does not allege when or how Blake became aware that Granite Bay was <u>reselling</u> her consumer report. Blake's claim against TransUnion is based on its alleged failure to verify the identities to which Granite Bay was <u>reselling</u> her reports. Because the complaint does affirmatively show when Blake became aware that Granite Bay and LMS were reselling her consumer report, TransUnion's motion must be denied.

In Count II, Blake alleges that Granite Bay and LMS unlawfully obtained Blake's consumer reports without a permissible purpose. Compl. ¶ 125 (quoting 15 U.S.C. § 1681b(c)(B)(i)). Blake alleges that she did not authorize Granite Bay or LMS to access her consumer report. Compl. ¶¶ 35, 38, 131, 134. Therefore, she asserts that the only permissible purpose to access her report under the FCRA would be to make a "firm offer of credit or insurance." Compl. ¶ 125. However, she says that neither Granite Bay nor LMS are in the business of making firm offers of credit or insurance. Compl. ¶¶ 127, 130. There is nothing in the complaint that alleges when Blake discovered that Granite Bay and LMS were not in the business of making firm offers of credit or insurance, which would be when the statute of limitations began to run on Count II. Accordingly, Granite Bay and LMS's respective motions must be denied as to Count II.

In Count III, Blake alleges that Granite Bay purchased and then resold her personal information without taking reasonable efforts to ensure the purchaser had a permissible purpose in

violation of 15 U.S.C. §1681e(e)(2)(A). As noted above, when or how Blake learned that Granite Bay was reselling her consumer report is not in the complaint. Therefore, the complaint does not affirmatively show that her claim is time-barred. Accordingly, Granite Bay's motion as to Count III must be denied.

In Count IV, Blake alleges that Granite Bay and LMS obtained Blake's consumer reports under false pretenses in violation of 15 U.S.C. §§1681q and 1681n. If Granite Bay and LMS are not in the business of making firm offers of credit or insurance, then it is reasonable to conclude that they obtained her report under false pretenses. However, as noted above, the complaint does not allege when Blake discovered that Granite Bay or LMS are not in the business of make firm offers of credit or insurance. Accordingly, Granite Bay and LMS's respective motions as to Court IV must also be denied.

Although Blake's complaint survives Defendants' initial salvo of dispositive motions, the Court has serious reservations about the timeliness of these claims. The Court expects the parties to explore whether these claims are indeed timely earlier rather than later in discovery.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants Granite Bay's amended motion to dismiss (Dkt. 29), Defendant LMS's motion for judgment on the pleadings (Dkt. 39), and Defendant TransUnion's motion for judgment on the pleadings (Dkt. 36).

SO ORDERED.

Dated: January 16, 2019　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge