UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEILANI BLAKE,

    Plaintiff,

v.

GRANITE BAY ACCEPTANCE, INC., *et al.*,

    Defendants.

Case No. 18-10406
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**BENCH ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DISCOVERY [76] AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [70]**

Leilani Blake brings this Fair Credit Reporting Act case against remaining Defendant Granite Bay Acceptance, Inc. Blake's claims revolve around Granite Bay's accessing of her credit report on two different occasions: one in 2013 and the other in 2018.

On May 16, 2019, the Court held a telephonic scheduling conference. During the call, and in the scheduling order issued after, the Court acknowledged that the case might warrant two motions for summary judgment. (*See* ECF No.67, PageID.581.) One early motion that would address statute-of-limitations issues with respect to the 2013 claim. And a later motion that might necessitate some discovery that would address the merits of the 2018 claim. Both sides seemed on board with this approach. And they understood the Court's expressed desire to avoid Granite Bay moving for summary judgment and Blake responding by moving for Rule 56 discovery.

Yet without conducting any discovery beyond the exchange of expansive initial disclosures (which the Court ordered during the scheduling conference), Granite Bay moved for summary judgment on both the 2013 and 2018 claims. (ECF No. 70.) Importantly, Granite Bay's motion includes an affidavit from Daniel Ridley, Granite Bay's CEO. (*See* ECF No. 72.) Ridley's affidavit

does not indicate whether Ridley was made available for deposition. (*Id.*) Shortly after, Blake responded to the motion (ECF No. 75) and, at the same time, moved for Rule 56 discovery on the 2018 issue only. (ECF No. 76.)

From a preliminary review of the parties' briefing, it appears the 2018 issue is limited to a narrow point of contention: is there a genuine issue of material fact whether Granite Bay made a firm credit offer to Blake for a loan to purchase a car from Snethkamp Chrysler. And to resolve that issue, the Court orders a limited, 60-day period of discovery through October 31, 2019. Discovery is limited to the following:

(1) Blake may depose up to two people from Granite Bay, one person from Snethkamp Chrysler, and one person from Transunion. Blake may also seek written discovery limited to whether the Snethkamp offer is a legitimate offer of credit.

(2) Granite Bay is permitted to depose Blake.

Upon conclusion of the 60-day discovery period, Granite Bay has 21 days to refile its motion for summary judgment. Accordingly, Granite Bay's pending motion for summary judgment (ECF No. 70) is dismissed without prejudice to refiling and Blake's Motion for Discovery (ECF No. 76) is granted as set forth herein.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: August 30, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 30, 2019.

                                                  s/William Barkholz
                                                  Case Manager to
                                                  Honorable Laurie J. Michelson